The Honorable Lauren King
The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ABEL CRUZ, et al.,<br><br>               Defendants. | NO.    CR22-179 LK<br><br><br>UNITED STATES' MEMORANDUM<br>IN SUPPORT OF DETENTION |
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOSE PALEO, et al.,<br><br>               Defendants. | NO.    CR22-180 JCC<br><br><br>UNITED STATES' MEMORANDUM<br>IN SUPPORT OF DETENTION |
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL DAVID KINZEL,<br><br>               Defendant. | NO.    MJ22-520<br><br><br>UNITED STATES' MEMORANDUM<br>IN SUPPORT OF DETENTION |

U.S. Memo in Support of Detention - 1
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. INTRODUCTION

The United States respectfully submits this memorandum in support of its detention motions in these three related matters.  While there are two indictments, and one complaint in this matter, these three matters involves a single investigation. This memorandum will provide a brief overview of the investigation that led to these charges, summarize the applicable law (which is of course well known to the Court), and then address some specific issues presently known to the government that apply to individual defendants relevant to that defendant's continued detention.

## II. BACKGROUND OF THE INVESTIGATION

In January 2021, the FBI identified Jose Paleo as a large methamphetamine distributor operating in Western Washington. During the investigation, through physical and electronic surveillance, travel records, and a variety of other investigative techniques, agents were able to determine that the Paleo Drug Trafficking Organization (DTO) was being supplied by a Mexico-based DTO. Agents determined that the Paleo DTO picked up narcotics in the Los Angeles area and transported them to the Seattle area for redistribution.  Law enforcement agencies contacted Paleo on several occasions during the investigation, which led to seizures of cash and distribution quantities of narcotics.

During the investigation, agents seized large quantities of narcotics from Paleo on two occasions. On the first seizure on January 8, 2021, agents conducted a traffic stop on Paleo, two males and a female in a white Malibu. During the search of the vehicle, agents recovered numerous blue pills stamped "M30" suspected to contain fentanyl, with a net weight of 91 grams, 440 net grams of methamphetamine and $8,600 in U.S. currency. Over a year later, on April 28, 2022, agents executed a warrant on a short-term rental property that was being used as a stash house for the Paleo DTO. Inside the location, agents located 9mm Luger ammunition, approximately 1,561 grams of heroin, 37 grams of suspected fentanyl-laced pills, 830 grams of suspected fentanyl powder, and 14,707 grams of methamphetamine. Agents also contacted Miguel Thomas, a redistributor for the Paleo DTO which led to an additional seizure of narcotics and a firearm. On May 19, 2022 as Thomas exited his

U.S. Memo in Support of Detention - 2
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

apartment building he was approached by officers. When officers approached Thomas, he fled on foot, dropping his backpack and a firearm. Inside the backpack investigators recovered approximately 3,447 grams of methamphetamine,1,189 grams of heroin, 483 grams of cocaine, and 477 grams of fentanyl pills.

The investigation involved the use of the following court-authorized Title III wire intercepts:

- On April 21, 2022, the Honorable Ricardo S. Martinez, United States District Judge, authorized the interception of wire and electronic communications over TT20 and TT25, used by Jose Paleo, and TT26 used by Miguel Thomas.
- On August 31, 2022, the Honorable Ricardo S. Martinez, United States District Judge, authorized the interception of wire and electronic communications over TT51 used by Paleo, TT33 used by Octavio Guzman, and TT50 used by Agustin Gutierrez Valencia, and wire communications on TT52, also used by PALEO.

The wiretaps and other investigative techniques revealed the two conspiracies charged in the two indictments and one complaint, as well as the third conspiracy charged in the related *Gutierrez Valencia et al.* indictment, CR22-151LK.

After interceptions began, investigators quickly discovered Thomas was being supplied by multiple individuals. Agents determined that a second source of supply for Thomas was Agustin Gutierrez Valencia. During the investigation agents determined that Gutierrez Valencia was the leader of a separate DTO, the Gutierrez Valencia DTO, and that he was distributing large quantities of methamphetamine, cocaine, fentanyl-laced pills, and fentanyl powder within Western Washington. While agents did not observe Gutierrez Valencia delivering narcotics himself, agents did observe several individuals, including Daniel Vazquez-Arroyo, and Rosalio Reynoso Arellano delivering narcotics after Gutierrez Valencia coordinated the transactions. Additionally, agents observed multiple individuals, including Ivan Santos Arellano, Ernesto Casillas, and Jesus Toledo Pardo transporting narcotics for the Gutierrez Valencia DTO. Law enforcement agencies made contact with

U.S. Memo in Support of Detention - 3
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  these individuals, which led to seizures of cash and distribution quantities of narcotics from

2  the Gutierrez Valencia DTO.

3        On September 5, 2022, agents intercepted a Four Winds recreation vehicle ("RV")

4  driven by Santos Arellano. Investigators executed a search warrant on the RV and recovered

5  approximately 170 kilograms of methamphetamine, 19 kilograms of fentanyl-laced pills, and

6  one kilogram of fentanyl powder.

7        Hours after the seizure of the RV and narcotics, agents intercepted calls between

8  Gutierrez Valencia and Pardo discussing the transportation of a second load of narcotics

9  from California to Washington. Based on the intercepted calls, and the quantity of narcotics

10  Pardo was suspected of transporting, agents made the decision to execute search warrants on

11  five locations and one vehicle used by the Gutierrez Valencia DTO.

12        On September 8, 2022, Magistrate Judge Brian A. Tsuchida, United States District

13  Court, Western District of Washington, authorized search warrants –based on one

14  application – for three locations in the Western District of Washington and one vehicle

15  associated with the Gutierrez Valencia. On September 9, 2022, the Honorable Margaret

16  Bernal of the Los Angeles County Superior Court, Southeast District, signed a state of

17  California Search Warrant authorizing the search of two residences in California associated

18  with the Gutierrez Valencia DTO. On September 9, 2022, a Jamboree RV driven by Pardo

19  was stopped after entering the Western District of Washington, and after a K9 alerted the

20  presence of the odor of narcotics, agents applied for and received authorization from the

21  Honorable Brian A. Tsuchida to search the RV. During the searches of the five locations, and

22  two vehicles, agents recovered approximately 11 kilograms of cocaine, four kilograms of

23  fentanyl powder, seven and a half kilograms of fentanyl pills, over one kilogram of heroin,

24  170 kilograms of methamphetamine, 20 firearms, and over $822,000 in U.S. currency.

25        Six members of the Gutierrez Valencia DTO were taken into custody on September 9,

26  2022, and charged via complaint with conspiracy to distribute controlled substances. On

27  September 21, 2022, the Grand Jury returned an indictment charging six defendants with six

28  counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C.

U.S. Memo in Support of Detention - 4
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

§§ 841(a)(1) and 846, and Possession with Intent to Distribute, in violation of 21 U.S.C.
§§ 841(a)(1) under CR22-151LK.

During the pre-takedown portion of the Paleo DTO investigation, including the
seizure that occurred during the Gutierrez Valencia takedown, investigators seized over
1,016 pounds of methamphetamine, approximately 20 kilograms of cocaine, approximately
15.5 kilograms of heroin, approximately nine kilograms of fentanyl powder, and
approximately 330,000 fentanyl laced pills. Law enforcement also seized 43 firearms and
more than $1 million in U.S. currency.

On October 19, 2022, the Grand Jury returned two indictments charging a total 11
defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in
violation of 21 U.S.C. §§ 841(a)(1) and 846, Possession with Intent to Distribute, in violation
of 21 U.S.C. §§ 841(a)(1), Conspiracy to Commit Money Laundering, in violation of 18
U.S.C. § 1956(h), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii), and Carrying a Firearm During and
in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c). Two defendants
were charged under CR22-179LK and ten defendants were charged under CR22-180JCC.

On October 19, 2022, Magistrate Judge Mary Alice Theiler, United States District
Court, Western District of Washington, authorized search warrants – based on two
applications – for 11 locations and two vehicles associated with both cases. On October 21,
2022, Magistrate Judge Rozella A. Oliver, United States District Court, Central District of
California, authorized searched warrants – based on one application – for three locations
associated with the Paleo DTO.

Investigators executed the warrants on October 25, 2022, and found approximately
seven kilograms methamphetamine, eight kilograms fentanyl-laced pills, five kilograms of
heroin, one kilogram of cocaine, 300 grams of fentanyl powder, over 67 firearms, and over
$20,000 in cash. Investigators arrested eight of the defendants indicted in the *Paleo* and *Cruz*
cases, along with two other individuals who were subsequently charged in two separate
complaints. More specifically, investigators arrested Luis Alberto VALENZUELA-HARO
who is charged in MJ22-519, and Michael David KINZEL who is charged in MJ22-520.

U.S. Memo in Support of Detention - 5
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.  LEGAL STANDARDS FOR DETENTION

This Court is of course quite familiar with the legal standards governing detention or release.  To summarize, the Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  The United States typically bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The Bail Reform Act identifies four factors that a court should consider in analyzing detention issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug; (2) the weight of the evidence . . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g). Of these factors, the weight of evidence is least important, and the statute neither requires nor permits pretrial determination of guilt. 18 U.S.C. § 3142(g).

As noted above, the government generally has the burden of proof and persuasion regarding detention. However, all of the defendants in this matter are charged with one or more serious Title 21 offenses.  As to those charges, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

U.S. Memo in Support of Detention - 6
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   18 U.S.C. § 3142(e). The return of an indictment is sufficient to support a finding of

2   probable cause, triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34,

3   37 (6th Cir. 1985); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States*

4   *v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).

5         In a case where the presumption applies, Courts have found that the *defendant* bears

6   the burden of producing evidence that he does not pose a danger to the community or risk of

7   flight in order to rebut the presumption. *See United States v. Abad*, 350 F.3d 793, 797 (8th

8   Cir. 2003); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001); *Stricklin*, 932 F.2d

9   at 1354. The government retains the burden of persuasion. *Mercedes*, 254 F.3d at 436.

10        However, even if a defendant has met his burden of production relating to these two

11  factors, the presumption favoring detention does not disappear. Rather, it remains a factor to

12  be considered among those weighed by the district court. *See Stricklin*, 932 F.2d at 1354-55;

13  *Mercedes*, 254 F.3d at 436; *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). If

14  the presumption were to vanish once a defendant produced *some* evidence, courts would not

15  give adequate deference to the fact that Congress has determined "that drug offenders pose a

16  special risk of flight and dangerousness to society." *United States v. Martir*, 782 F.2d 1141,

17  1144 (2d Cir.1986); *United States v. Hare*, 873 F.2d 796, 798 99 (5th Cir.1989).

18        Finally, it is well settled that at a detention hearing the government may present

19  evidence by way of an evidentiary proffer sufficient to make the court aware of the

20  defendant's role in the offense, the weight of the evidence against the defendant, and other

21  relevant factors. *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States*

22  *v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937 (9th Cir.),

23  *vacated as moot upon defendant's conviction*, 792 F.2d 906 (9th Cir. 1986). The statements

24  of fact herein, which are based on the wiretap and search warrant affidavits sworn to the

25  Court, and a summary of the results of said searches, is presented as such a proffer.

26  //

27  //

28  //

U.S. Memo in Support of Detention - 7
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## A.    INDIVIDUAL DEFENDANT ROLES AND ANALYSIS

The following defendants present particular risks of flight and/or a danger to the community due to their role in the offense, immigration status, criminal history, possession of firearms, or some combination of the above.

### Cruz Indictment (CR22-179 LK)

1.    **Abel Cruz**. Cruz is charged with conspiring to distribute "A"-level quantities of methamphetamine.

During the investigation agents determined that Cruz was a source of supply for Miguel Thomas, providing Thomas with fentanyl pills, methamphetamine and cocaine for him to redistribute. Agents intercepted communications between Cruz and Thomas where Thomas requested fentanyl-laced pills, methamphetamine, and cocaine. Cruz also contacted Thomas to let him know that he had methamphetamine for $1,400 per pound. Following some of these conversations, agents observed Cruz at Thomas's residence.

During the execution of the search warrant at Cruz's residence on October 25, agents found approximately 200 grams of heroin, and approximately 300 grams of fentanyl laced pills.

As noted in the pretrial services report, Cruz has a prior conviction for Controlled Substance Violation, he also has been removed from the United States on five different occasions beginning in 2009, with his last removal in November of 2017.  While dated, Cruz had fifteen prior warrants for failures to appear that were issued while he was a juvenile. According to the pretrial services report, Cruz is connected to seven different aliases, and associated with five different dates of birth. Cruz does not have legal status in this Country. These factors support the conclusion that he presents a risk of nonappearance. Cruz should be detained pending trial.

### Paleo Indictment (CR22-180 JCC)

1.    **Jose Paleo**. Paleo is charged with conspiring to distribute "A"-level quantities of methamphetamine and fentanyl. Paleo is also charged with two counts of Possession with

U.S. Memo in Support of Detention - 8
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Intent to Distribute Controlled substances, both at an "A"-level quantity, and one count of conspiring to commit money laundering.

Paleo was the user of four intercepted cell phones. As discussed above, the intercepts revealed that Paleo was the leader of a Drug Trafficking Organization and was personally responsible for distributing large amount of methamphetamine, fentanyl powder, and fentanyl laced pills. Paleo was assisted by, and directed the activities of, multiple individuals, including his Glauco Guardado Rodriguez, his girlfriend Araceli Salas, and his wife Maria Rangel Aguilar.

During the above described traffic stop on January 8, 2021, Paleo provided agents with a fake name, Jose Alvarado, and claimed he had no identification on him. After agents received consent to search the vehicle they found a Mexican Consular Identification that had Paleo's picture on it but was in the name of Mario D. Valenzuela. Agents determined that the identification card was fraudulent. While agents were searching Paleo's vehicle, they located a hidden compartment under the center console of the vehicle which contained the above-mentioned currency and narcotics. When agents went to confront Paleo, Paleo suddenly fled on foot, and was apprehended after a short pursuit.

Paleo was also intercepted on multiple occasions discussing the search of his stash house on April 28. During these conversations he clearly claimed ownership of the narcotics that were stolen, and during one call with Salas stated that this should not be happening to him because he was not a "newbie."

On October 25, 2022, Paleo made his initial appearance in the Central District of California and was ordered detained pending transfer to this District.

Paleo does not have legal status in this Country, and has reentered illegally after being removed. Given his role in this case, his prior flight from law enforcement, Paleo presents a clear risk of nonappearance and danger to the community. He should remain detained pending trial.

2.    **Glauco Guardado Rodriguez.**  Guardado Rodriguez is charged with conspiring to distribute "A"-level quantities of methamphetamine, and fentanyl. Guardado

U.S. Memo in Support of Detention - 9
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Rodriguez is also charged with one count of possession with intent to distribute controlled
2   substances at an "A"-level quantity, and one count of conspiring to commit money
3   laundering.

4          During the investigation, investigator determined that Guardado Rodriguez was a
5   runner and assistant for Paleo. Interceptions revealed that Paleo instructed Guardado
6   Rodriguez to deliver narcotics on his behalf, retrieve narcotics funds from customers, and
7   place the narcotics funds in various bank accounts. Guardado Rodriguez also appeared to be
8   in charge of some of the stash houses used by the Paleo DTO. After the April 28, 2022
9   search and seizure of narcotics discussed above, agents intercepted calls between Guardado
10  Rodriguez and Paleo, where Guardado Rodriguez informed Paleo that someone had broken
11  into the location and taken "everything." Guardado Rodriguez tells Paleo that he only left the
12  location for a short period of time, but when he came back he discovered that someone had
13  stolen all of the narcotics.

14         On October 25, 2022, during he execution of a search warrant on Guardado
15  Rodriguez's residence, agents seized two firearms, over six kilograms of fentanyl-laced pills,
16  over a kilogram of heroin, and a small quantity of powdered fentanyl and cocaine.

17         Guardado Rodriguez does not have any criminal convictions, but does currently have
18  an open pending case for obstructing of law enforcement, where a warrant for failing to
19  appear has been issued. Guardado Rodriguez does not have legal status in this Country, and
20  according to the pretrial services report is currently under removal proceedings. These
21  factors show that Guardado Rodriguez presents both a significant danger to the community
22  and a risk of nonappearance. He should be detained pending trial

23         3.    **Tad Fulton.**  Fulton is charged with conspiring to distribute "A"-level quantities
24  of methamphetamine.

25         Agents learned during the investigation that Fulton was a Seattle area redistributor for
26  Paleo. Interceptions revealed that Fulton would purchase fentanyl-laced pills, cocaine, and
27  methamphetamine from Paleo to redistribute. Agents intercepted Fulton requesting 1,000-
28  2,000 fentanyl-laced pills, ounces of cocaine, heroin, and fentanyl powder, and a pound of

U.S. Memo in Support of Detention - 10
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

methamphetamine. Fulton was also intercepted asking Paleo if he could refer a friend of his, telling Paleo that his friend could bring "good business."

On October 25, 2022, during the execution of a search warrant on Fulton's residence, agents seized approximately 40 grams of methamphetamine, 30 grams of heroin, 100 grams of fentanyl-laced pills and 100 grams of cocaine.

Fulton has an extremely lengthy criminal history that dates back to 1992 and includes 32 convictions. He has multiple convictions for possession of controlled substances, and while slightly dated, has convictions for an escape/attempted escape from custody, providing false identification and false personation. Additionally, Fulton has eleven violations of parole or probation, and has an outstanding Orange County, California warrant that was issued on July 9, 2015. Fulton is also connected to four different social security numbers. Fulton's history shows that he is a significant risk of nonappearance. He should be detained pending trial.

4.    **Ryan Holmquist.**  Holmquist is charged with conspiring to distribute "A"-level quantities of methamphetamine.

Agents determined that Holmquist was a redistributor of methamphetamine for the Paleo DTO. Intercepted calls demonstrated that Holmquist would purchase pounds of methamphetamine from Paleo. During the investigation, agents intercepted one conversation where Holmquist requested two pounds of methamphetamine because he had a big order that coming Monday. Agents also intercepted a text string where Holmquist requested seven pounds of methamphetamine from Paleo.

On October 25, 2022, when agents executed a search warrant at Holmquist's residence, they recovered approximately 40 grams of methamphetamine, 40 grams of heroin, and one firearm.

Holmquist has 13 convictions which include convictions for domestic violence assault in the fourth degree, bail jumping, criminal solicitation, and driving while license suspended in the third degree. Twenty-three warrants have been issued for Holmquist failure to appear. Additionally, pretrial services reports that Holmquist was supervised by the Department of

U.S. Memo in Support of Detention - 11
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Corrections from March 2018 until November 2019 and during that time five warrants were

2  issued, and he was returned to custody no less than eight occasions. Based on these facts, and

3  Holmquist's history of failing to appear it is clear that he is a significant risk of

4  nonappearance. He should be detained pending trial.

5  **Kinzel Complaint (MJ22-520)**

6      1.    **Michael David Kinzel.**  Kinzel is charged with possession of controlled

7  substances with intent to distribute "B"-level quantities of methamphetamine.

8      Investigators determined that Kinzel was a redistributor for the Paleo DTO in the

9  Western District of Washington. Interceptions between Paleo and Kinzel included Kinzel

10 requesting heroin, fentanyl-laced pills, and methamphetamine. On one specific occasion

11 Kinzel requested 5,000 fentanyl-laced pills from Paleo. On another occasion Kinzel

12 requested 10 pounds of methamphetamine for $1,000 per pound.

13     On October 25, 2022, during the search of Kinzel's residence and vehicle, agents

14 recovered over one and a half kilograms of methamphetamine, over one kilogram of heroin,

15 approximately 90 grams of powdered fentanyl, over one kilogram of fentanyl pills,

16 approximately 400 grams of cocaine, and thirteen firearms.

17     The combination of these guns and narcotics, together with his role in this

18 investigation, demonstrate that Kinzel is a danger to the community, and should be detained

19 in advance of trial.

20 //

21 //

22 //

23

24

25

26

27

28

U.S. Memo in Support of Detention - 12
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VI.    CONCLUSION.**

For the reasons set forth above, the government respectfully submits that these defendants are unable to overcome the presumption against detention that applies to this matter, and should therefore be detained pending trial.

Dated this 27th day of October, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Casey S. Conzatti*
CASEY S. CONZATTI
MARCI ELLSWORTH
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4254
Fax: 206-553-4659
E-mail: casey.conzatti@usdoj.gov

U.S. Memo in Support of Detention - 13
*U.S. v. Cruz, et al.*, CR22-179 LK;
*U.S. v. Paleo, et al.*, CR22-180 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970