# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>JOSE PALEO et al.,<br><br>                Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

      This matter comes before the Court on the motion of Defendants Jose Paleo, Glauco Guardado Rodriguez, Araceli Salas, Maria Rangel Aguilar, Miguel Thomas, Ryan Holmquist, and Timothy Hursh ("Movants"), to continue the trial date to January 22, 2024. Dkt. No. 129 at 1. Defendant Tad Fulton does not join in the motion and Defendants Octavio Guzman and Ryan Terry have not yet been arrested. *Id.* Movants also seek to continue the pretrial motions deadline to December 16, 2023. *Id.* The Government supports the motion. Dkt. No. 131 at 4–6.

      On October 19, 2022, a grand jury returned an indictment charging the 10 co-defendants in this case with several counts related to a conspiracy to distribute controlled substances, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(1)(B)(ii). Dkt. No. 1 at 1–5. On December 5, 2022 and January 20, 2023, the Court previously granted Movants' unopposed requests to continue the trial date to May 8, 2023, and to continue the pretrial motions deadline to March 23, 2023. Dkt. No. 108 at 3; Dkt. No. 124 at 3.

Movants now seek to continue the trial date to January 22, 2024 because counsel "will need additional time to review the discovery, to prepare pretrial motions if applicable, and to prepare for trial." Dkt. No. 129 at 2. Counsel note that discovery in this multi-defendant case "is sufficiently extensive that Russell Aoki has been appointed as discovery coordinator," and contend that "the extension of time is necessary to provide adequate and effective representation," as there is an unknown quantity of discovery that has yet to be provided. *Id.* The Government concurs with the need for a continuance, stating that "this remains a very complex multi-defendant case" arising from a more than "two[-]year-long investigation into the distribution of significant quantities of drugs over a lengthy period of time." Dkt. No. 131 at 4–5. The Government has "produced thousands of pages of discovery, numerous photographs, and is in the process of producing additional discovery, including multiple terabytes of pole camera footage." *Id.* at 5. The Government is also "in the midst of producing location data for multiple vehicle tracking warrants, and GPS data for cell phones." *Id.* at 4. From the Government's perspective, "the sheer volume of discovery to be reviewed" by defense counsel will require additional time despite the appointment of a discovery coordinator. *Id.* at 5. Based on these facts, Movants' counsel maintain that "proceeding with the current trial and motions dates would result in a miscarriage of justice." Dkt. No. 129 at 2; *see also* Dkt. No. 131 at 5.

Movants have filed waivers under the Speedy Trial Act, waiving their right to a speedy trial through February 21, 2024. Dkt. Nos. 132, 135–137, 139, 141, 144. Mr. Fulton and the non-appearing Defendants—Mr. Guzman and Mr. Terry—have not responded to the motion or filed waivers. However, counsel for Mr. Holmquist, who filed the motion to continue, represents that Mr. Fulton "does not join in this motion, and is opposed to a continuance of the trial date." Dkt. No. 129 at 1; *see also* Dkt. No. 131 at 1, 4. Despite this, Mr. Fulton did not file any opposition, which the Court construes as a concession that such opposition is without merit. LCrR 12(b)(4).

The Speedy Trial Act recognizes "that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see generally* 18 U.S.C. § 3161(h). However, such delays must be reasonable. *United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010). "Reasonableness is assessed on a case-by-case basis according to a totality-of-the-circumstances test." *United States v. Henry*, 984 F.3d 1343, 1353 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 376 (2021); *see id.* at 1353–54 (finding the district court's granting of three continuances totaling 315 days over a defendant's objection to be reasonable where it allowed co-defendants "additional time to adequately prepare to try [a] complex bank robbery and conspiracy case."). Importantly, "[i]t is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999); *see also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); 18 U.S.C. § 3161(h)(6).

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence, due to counsel's need for more time to review discovery, consider pretrial motions and defenses, consult with their clients, and prepare for trial. *See id.* § 3161(h)(7)(B)(i), (iv). This is especially true here, where there are ten different co-defendants alleged to have been involved in a drug trafficking and/or money laundering conspiracy and voluminous discovery is ongoing. *Id.* § 3161(h)(7)(B)(ii). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish the above tasks. The Court also notes that no motion to sever has been filed or granted, and therefore concludes that the continuance is reasonable for all Defendants.

For these reasons, the Court GRANTS the motion, Dkt. No. 129, and ORDERS that trial shall be continued from May 8, 2023 to January 22, 2024, and pretrial motions are due no later than December 16, 2023. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order and the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act.

Dated this 13th day of March, 2023.

_Lauren King_
Lauren King
United States District Judge