UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>JOSE PALEO et al.,<br><br>                Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

      This matter comes before the Court on the renewed, unopposed motion of Defendants Jose Paleo, Glauco Guardado Rodriguez, Maria Rangel Aguilar, Araceli Salas, Ryan Holmquist, Timothy Hursh, and Tad Fulton ("Movants"), to continue the trial date to September 9, 2024, and the pretrial motions deadline to July 29, 2024. Dkt. No. 208 at 1, 5.[1] Defendants Octavio Guzman

---

[1] After initially neither joining nor opposing the motion, Ms. Salas joined the motion to continue on December 4, 2023. *Id.* at 1 n.1; Dkt. No. 190. Similarly, after initially objecting to this motion, Dkt. No. 208 at 1 n.1, 5, Mr. Fulton subsequently filed a notice of joinder and speedy trial waiver, Dkt. No. 217 at 1; Dkt. No. 217-1 at 1. In addition, on December 6, 2023, Mr. Thomas pleaded guilty to Count 1 in the indictment before United States Magistrate Judge Michelle L. Peterson, and Judge Peterson's report and recommendation is pending for consideration on December 21, 2023. Dkt. Nos. 198–201.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

and Ryan Terry have not yet been arrested. Dkt. No. 208 at 2. The Government does not oppose the requested continuance and agrees that the proposed trial date is appropriate. *Id.* at 5.

On October 19, 2022, a grand jury returned an indictment charging the 10 co-defendants in this case with several counts related to a conspiracy to distribute controlled substances, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(1)(B)(ii). Dkt. No. 1 at 1–5. Due in large part to the complexity of this multi-defendant case and the volume of discovery, the Court previously granted motions to continue the trial date on December 5, 2022, January 20, 2023, and March 13, 2023. Dkt. Nos. 108, 124, 146. The trial in this case is currently scheduled for January 22, 2024, and the pretrial motions deadline is December 28, 2023. Dkt. No. 146 at 4; Dkt. No. 209.

Movants seek to continue the trial date from January 22, 2024 to September 9, 2024. Dkt. No. 208 at 1.[2] They contend that the "voluminous discovery" in this case warrants an additional continuance, and that in light of their counsel's schedule, the period of delay between January 22nd and September 9th is reasonable. Dkt. No. 208 at 3–5; *see id.* at 3 ("All counsels have conferred and agree that the volume of discovery disclosed to date, 4 productions, [an] additional 1 production of wiretap data/spreadsheets, and [an] additional 1 production of pole camera data, is too voluminous for counsel to be adequately prepared for the current pre-trial motions deadline and trial date."); *id.* at 4 (noting that counsel for Mr. Paleo, Mr. Guardado Rodriguez, Mr.

---

[2] Following a December 7, 2023 hearing, the Court denied without prejudice Movants' original motion to continue the trial date—which Mr. Fulton did not join—due to a lack of adequate support. Dkt. No. 207; *see* Dkt. No. 178; *United States v. Lloyd*, 125 F.3d 1263, 1269 (9th Cir. 1997).

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 2

1  Holmquist, and Ms. Salas are scheduled for trials in other matters in April, May, and June 2024,
2  and that counsel for Mr. Paleo is unavailable between mid-June and August 15, 2024).

3        In support of their motion, Movants submit a declaration by court-appointed coordinating
4  discovery attorney ("CDA"), Russel Aoki, outlining the status of discovery in this case. Dkt. No.
5  208 at 3; *see* Dkt. No. 208-1. Mr. Aoki avers that to date, the discovery productions provided to
6  defense counsel and uploaded into a web-based database include "investigative reports, search
7  warrant pleadings, audio and video files, lab reports, photos, GPS data, and 43,100 wiretap
8  interceptions." Dkt. No. 208-1 at 5. In total, there are 129,322 files hosted on the database. *Id.*; *see*
9  *id.* at n. 1 ("This is a file count, not a page count. One file could be a single-page document or a
10 multiple-page report, an audio interception, the metadata for that interception, GPS data, or a
11 photograph."). Mr. Aoki notes that reviewing the pole camera videos and wiretap interceptions is
12 especially time intensive. This is because there is no tool to expedite the examination of video files
13 "except the fast-forward and reverse features of the video player," and because the Government
14 did not include PDF format "linesheets" for all 43,100 wiretap interceptions, i.e., the documents
15 that memorialize each interception and "contain searchable data such as the target telephone
16 number, date, time, and the incoming and outgoing phone numbers." *Id.* at 6. And the "mocked-
17 up linesheets" Mr. Aoki's team created with Invendica "could not be paired with the text
18 messages." *Id.*; *see also id.* at 7 ("Adding to the slow review of the interceptions is the inability to
19 search the message content accurately" due to typographical errors and usage of slang and other
20 unconventional word spellings). Furthermore, Mr. Aoki represents that beyond the anticipated
21 2,000 to 3,000 pages of additional materials and pole camera recordings the Government will be
22 producing, the Government also had to re-transmit a fifth production from September 2023 that
23 Defendants had not previously had access to "with a Bates range of approximately 6,235 pages
24 and [that] included other native file types such as video and spreadsheets." *Id.* at 4. The

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 3

Government also anticipates that "additional evidence/discovery of alleged money laundering will be produced." Dkt. No. 208 at 3.

Given the volume of discovery produced to date and the future discovery productions the parties expect, as well as the scheduling conflicts described above, "defense counsels do not believe that the amount of time between now and the pretrial deadline and the trial date will provide counsels with the reasonable time necessary for effective preparation and representation of the defendants' interests[.]" *Id.* at 5. Movants have filed waivers under the Speedy Trial Act, waiving their right to a speedy trial through at least October 1, 2024. Dkt. No. 179 (Mr. Guardado Rodriguez); Dkt. No. 180 (Mr. Hursh); Dkt. No. 191 (Ms. Salas); Dkt. No. 194 (Mr. Paleo); Dkt. No. 197 (Mr. Holmquist); Dkt. No. 202 (Ms. Rangel Aguilar); Dkt. No. 217-1 at 1 (Mr. Fulton). The non-appearing Defendants, Mr. Guzman and Mr. Terry, have not filed waivers or otherwise responded to the motion.

As previously noted in the Court's March 13, 2023 Order, Dkt. No. 146 at 3, the Speedy Trial Act recognizes "that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see generally* 18 U.S.C. § 3161(h). However, such delays must be reasonable. *United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010). "Reasonableness is assessed on a case-by-case basis according to a totality-of-the-circumstances test." *United States v. Henry*, 984 F.3d 1343, 1353 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 376 (2021).

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence, due to forthcoming discovery; the existing volume of and technical difficulties with discovery; the complexity of the case; counsel's scheduling conflicts; and counsel's need for more time to review discovery, translate material (where needed), consider pretrial motions and defenses, consult with their clients, and prepare for trial. *See id.* § 3161(h)(7)(B)(i), (ii), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish the above tasks and prepare for trial.

For these reasons, the Court GRANTS the motion, Dkt. No. 208, and ORDERS that trial shall be continued from January 22, 2024 to September 9, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. Pretrial motions are due no later than July 29, 2024.

In light of the above, the Court STRIKES the motion hearing scheduled for December 22, 2023 at 2:00 p.m. Dkt. No. 212.

Dated this 18th day of December, 2023.

Lauren King
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 5