UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>JOSE PALEO et al.,<br><br>                    Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

   This matter comes before the Court on the unopposed motion of Defendant Maria Rangel Aguilar to continue the trial date from September 9, 2024 to March 3, 2025, and to continue the pretrial motions deadline accordingly. Dkt. No. 282 at 1, 4. Defendant Araceli Salas joins in the motion, *id.* at 3, and Defendant Jose Paleo has executed a speedy trial waiver to April 2, 2025, Dkt. No. 300 at 1, indicating that he does not oppose the motion.[1] Defendants Octavio Guzman

---

[1] Mr. Paleo's counsel recently withdrew from representation, *see* Dkt. Nos. 273, 275, and Ms. Rangel Aguilar filed the instant motion before Mr. Paleo had been appointed new counsel, *see* Dkt. No. 282 at 2–3. The Court further notes that on August 5, 2024, Ms. Salas pleaded guilty to two counts contained in the indictment before United States Magistrate Judge Brian A. Tsuchida, and Judge Tsuchida's report and recommendation is pending this Court's consideration. Dkt. Nos. 295–98.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

and Ryan Terry have not yet been arrested, and Defendants Glauco Guardado Rodriguez, Miguel Thomas, Tad Fulton, Ryan Holmquist, and Timothy Hursh have each pleaded guilty to and/or been sentenced for offenses charged in this matter. *See* Dkt. No. 282 at 2–3; Dkt. Nos. 242–43 (sentencing and judgment for Mr. Thomas); Dkt. Nos. 276–77 (orders of acceptance of plea of guilty and adjudication of guilt as to Mr. Hursh and Mr. Holmquist); Dkt. No. 287 (plea agreement as to Mr. Guardado Rodriguez); Dkt. No. 291 (plea agreement as to Mr. Fulton).[2] The Government does not oppose Ms. Rangel Aguilar's motion and agrees that the proposed trial date is appropriate. Dkt. No. 282 at 1, 4–5.

On October 19, 2022, a grand jury returned an indictment charging all 10 co-defendants in this case with several counts related to a conspiracy to distribute controlled substances, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(1)(B)(ii). Dkt. No. 1 at 1–5. Ms. Rangel Aguilar is charged with Conspiracy to Commit Money Laundering in Count 4 of the Indictment. *Id.* at 4–5. Due in large part to the complexity of this multi-defendant case and the volume of discovery, the Court previously granted motions to continue the trial date on December 5, 2022, January 20, 2023, March 13, 2023, and December 18, 2023. Dkt. Nos. 108, 124, 146, 218. Trial is currently scheduled for September 9, 2024. Dkt. No. 218 at 5.

Ms. Rangel Aguilar and Ms. Salas seek to continue the trial date to March 3, 2025 because they contend that the "sheer volume of discovery to be reviewed by defense counsel" and the

---

[2] On July 29, 2024, Mr. Guardado Rodriguez and Mr. Fulton pleaded guilty to counts contained in a superseding information and the indictment, respectively, before Judge Tsuchida, and Judge Tsuchida's reports and recommendation are pending this Court's consideration. Dkt. Nos. 280, 284–92.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 2

underlying complexities of this case warrant an additional continuance so that counsel can sufficiently explore pretrial motions and adequately prepare for trial. Dkt. No. 282 at 3–4. The extensive discovery productions provided to defense counsel are well-documented, and include "investigative reports, search warrant pleadings, audio and video files, lab reports, photos, GPS data, and 43,100 wiretap interceptions." *Id.* at 3 (quoting Dkt. No. 208-1 at 5); *see also* Dkt. No. 218 at 3. 129,322 files have been uploaded into a web-based database to assist defense counsel in reviewing discovery, and court-appointed coordinating discovery attorney Russel Aoki previously noted that the Government also produced 64 terabytes of pole camera videos which, as with the wiretap interceptions, are especially time-intensive to review. Dkt. No. 208-1 at 5–6. In addition, counsel for Ms. Rangel Aguilar has a six-to-eight-week murder trial scheduled to begin on August 26, 2024. Dkt. No. 282 at 3.

Given the volume of discovery produced to date and the scheduling conflict described above, counsel for Ms. Rangel Aguilar, Ms. Salas, and the Government agree that more time is necessary for effective preparation and representation of these Defendants' interests. *Id.* at 4. Ms. Rangel Aguilar and Mr. Paleo have filed waivers under the Speedy Trial Act, waiving their rights to a speedy trial through May 30, 2025 and April 2, 2025, respectively. Dkt. Nos. 283; 300. The non-appearing Defendants, Mr. Guzman and Mr. Terry, have not filed waivers or otherwise responded to the motion. Ms. Salas previously waived her right to a speedy trial through October 10, 2024, Dkt. No. 191, but has not filed an updated waiver.

The Speedy Trial Act recognizes "that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see generally* 18 U.S.C. § 3161(h). However, such delays must be reasonable. *United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010). "Reasonableness is assessed on a case-by-case basis according to a totality-of-the-circumstances test." *United States v. Henry*, 984 F.3d

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 3

1343, 1353 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 376 (2021); *see id.* at 1353–54 (finding the district court's granting of three continuances totaling 315 days over a defendant's objection to be reasonable where it allowed co-defendants "additional time to adequately prepare to try [a] complex bank robbery and conspiracy case"). Importantly, "[i]t is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999); *see also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); 18 U.S.C. § 3161(h)(6).

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to the volume of and technical difficulties with discovery; the complexity of the case; counsel's scheduling conflicts; and counsel's need for more time to review discovery, consider pretrial motions and defenses, consult with their clients, and prepare for trial. *See id.* § 3161(h)(7)(B)(i), (ii), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish the above tasks and prepare for trial.

For these reasons, the Court GRANTS the motion, Dkt. No. 282, and ORDERS that trial shall be continued from September 9, 2024 to March 3, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to

//

//

//

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 4

the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. Pretrial motions are due no later than January 21, 2025.

Dated this 13th day of August, 2024.

Lauren King
United States District Judge