UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>JOSE PALEO et al.,<br><br>                Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

      This matter comes before the Court on the unopposed motion of Defendant Maria Rangel Aguilar to continue the trial date from March 3, 2025 to August 25, 2025, and to extend the pretrial motions deadline to July 14, 2025. Dkt. No. 417. Defendant Jose Paleo does not oppose the motion and has waived his speedy trial rights through September 24, 2025. *Id.* at 1; Dkt. No. 424 at 1. Ms. Rangel Aguilar and Mr. Paleo are the only remaining arrested individuals pending trial under the indictment in this case. Dkt. No. 417 at 2; *see also* Dkt. No. 1 (indictment). The Government does not oppose Ms. Rangel Aguilar's motion and agrees that the proposed trial date is appropriate. Dkt. No. 417 at 1, 3.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

On October 19, 2022, a grand jury returned an indictment charging all 10 co-defendants in this case with several counts related to a conspiracy to distribute controlled substances, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(1)(B)(ii). Dkt. No. 1 at 1–5. Ms. Rangel Aguilar is charged with Conspiracy to Commit Money Laundering in Count 4 of the Indictment. *Id.* at 4–5. Due in large part to the complexity of this multi-defendant case and the volume of discovery, the Court previously granted several motions to continue the trial date, including most recently on August 13, 2024. Dkt. No. 302; *see also* Dkt. Nos. 108, 124, 146, 218. Trial is currently scheduled for March 3, 2025. Dkt. No. 302 at 4.

Ms. Rangel Aguilar seeks to continue the trial date to August 25, 2025. Her prior attorney was indicted in an unrelated federal criminal investigation in October 2024 and was replaced by Ms. Tolin in November 2024. Dkt. No. 417 at 2. Since then, Ms. Tolin "has received no work product from former attorneys regarding discovery review, research, case investigation, or mitigation development that might otherwise assist in timely preparation of Ms. Rangel Aguilar's defense." *Id.* The volume of discovery in this case is significant; "[t]here are at least 129,322 electronic files including investigative and lab reports, warrant pleadings, documents, photographs and other data; 43,100 wiretap interceptions; and 64 terabytes of pole camera videos." *Id.* at 2–3.

Given the volume of discovery and the failure of Ms. Rangel Aguilar's prior attorney to provide Ms. Tolin with existing work product relevant to Ms. Rangel Aguilar's case and potential defenses, the Court agrees that more time is necessary for effective preparation and representation of her interests. Ms. Rangel Aguilar and Mr. Paleo have filed waivers under the Speedy Trial Act,

waiving their rights to a speedy trial through September 25, 2025 and September 24, 2025, respectively. Dkt. No. 418 at 1–2; Dkt. No. 424 at 1.

The Speedy Trial Act recognizes "that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see generally* 18 U.S.C. § 3161(h). However, such delays must be reasonable. *United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010). "Reasonableness is assessed on a case-by-case basis according to a totality-of-the-circumstances test." *United States v. Henry*, 984 F.3d 1343, 1353 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 376 (2021); *see id.* at 1353–54 (finding the district court's granting of three continuances totaling 315 days over a defendant's objection to be reasonable where it allowed co-defendants "additional time to adequately prepare to try [a] complex bank robbery and conspiracy case"). Importantly, "[i]t is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999); *see also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); 18 U.S.C. § 3161(h)(6).

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Ms. Rangel Aguilar and Mr. Paleo in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Ms. Rangel Aguilar's counsel the reasonable time necessary to effectively prepare for trial, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses, mitigation, and plea negotiations, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (ii), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 3

For these reasons, the Court GRANTS the motion, Dkt. No. 417, and ORDERS that Ms. Rangel Aguilar and Mr. Paleo's trial shall be continued from March 3, 2025 to August 25, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which their trial must commence under the Speedy Trial Act. Pretrial motions are due no later than July 14, 2025.

Dated this 3rd day of February, 2025.

Lauren King
United States District Judge